## In re UNION HILL PRESERVING CO., Inc.

(District Court, W. D. New York. August 28, 1924.)

### No. 10158.

1. **Bankruptcy ⟨⟩140(1)—Sale by seller, who set goods apart in warehouse, held valid, entitling buyer to possession as against trustee.**

Where seller, who had received payment for goods, executed bill of sale and set goods apart in its warehouse as goods of buyer before bankruptcy proceedings intervened, and buyer had no knowledge of seller's insolvency, sale was valid, and buyer was entitled to possession, and could bring action for conversion and replevin against seller's trustee.

2. **Bankruptcy ⟨⟩159—Sale to buyer without knowledge of seller's insolvency held not preference.**

Sale which was not fraudulent, or made to delay or hinder seller's creditors, and which was made to buyer who had no knowledge of seller's insolvency, and had already made payment, *held* not a preference.

3. **Bankruptcy ⟨⟩166(4)—Advice to buyer by officer of seller's bank that no further advances would be made held not to import knowledge of insolvency.**

Advice of seller's bank to buyer that no further advances would be made by bank to seller did not import knowledge of insolvency, nor afford reasonable ground for belief by buyer that preference was intended by sale, when bankrupt already had money for the goods.

In Bankruptcy. In the matter of the Union Hill Preserving Company, Inc., bankrupt. On motion to confirm referee's reports. Goods withheld by trustee ordered delivered to claimant.

Shedd, Morse, Pierson & Wynkoop, of Rochester, N. Y., for claimant.

Charles P. Williams, of Lyons, N. Y., for trustee.

HAZEL, District Judge. The undisputed facts show that on November 5th last the Union Hill Preserving Company, Inc., sold a quantity of sliced apples to the claimant for $1,500, an amount that was paid by check sent to the bankrupt company. On November 14th, prior to delivery of the apples to claimant and payment of the check, the bankrupt had already obtained payment of its bill of lading and sight draft for the apples, which was presented to claimant after it had forwarded its check in payment. No sight draft accompanied the delivery of the apples, and prompt delivery was made by the railroad company under a general bond, which claimant had previously given to protect the railroad company on shipments and deliveries of goods.

At the time the apples were bought it was arranged between the buyer and seller that the shipment would be on open account, and nothing was suggested about drawing on claimant for the purchase price. The bankrupt later promised to take up the bill of lading and sight draft, so that the shipment would be released to claimant; but it failed to do so, and thereafter suggested, in settlement of the matter, that claimant make other purchases in consideration of its payment of the draft—a payment previously made by it on being threatened with suit. Claimant accepted the suggestion, and bought apples and cherries amounting to something more than $1,500, and agreed to pay the difference upon delivery of the goods. A bill of sale to claimant was drawn and executed by the bankrupt, and the apples and cherries were set apart in its warehouse and market as the goods of claimant. The bankrupt agreed to ship the goods within five days, but failed to do so, because bankruptcy proceedings intervened.

[1-3] Was this sale of apples and cherries a valid sale, and is claimant entitled to possession thereof? Both questions are answered in the affirmative. The goods were treated as sold by the seller and buyer. They were identified and set apart for delivery in the warehouse of the bankrupt. Under the circumstances, title passed to the buyer, and the bankrupt's failure to make delivery gave it a right to bring action for conversion and replevin. Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577. The trustee stands in the place of the bankrupt company. The transaction and sale were not in any sense fraudulent, or made to delay or hinder creditors, nor, indeed, do they constitute a preference under the Bankruptcy Act (Comp. St. §§ 9585–9656), since the buyer was without knowledge of the insolvency of the bankrupt. True, as contended by the trustee, an officer of the State Bank of Oneida advised the claimant that no further advances would be made by the bank to the bankrupt, which was in financial straits, yet this meager information did not import knowledge of insolvency, nor afford reasonable ground for believing that a preference was intended by the sale of the apples and cherries when the bankrupt already had the money therefor.

Since the transaction on the part of the buyer was, I think, free from actual or constructive fraud, the goods withheld by the trustee must be delivered by him to claimant free from incumbrance or claim of the bankrupt.

So ordered.